UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHANSE THOMAS STARR,

    Plaintiff,

    v.                                CAUSE NO. 1:20-CV-209-HAB-SLC

ETHAN HELD, et al.,

    Defendants.

OPINION AND ORDER

Chanse Thomas Starr, a prisoner without a lawyer, filed a complaint and sought leave to proceed in forma pauperis. However, Starr is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and Starr has five strikes.[1] An inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine

---

[1] (1) *Starr v. Herman*, 1:02-cv-076 (N.D. Ind. filed March 12, 2002), dismissed May 8, 2002, for failure to state a claim upon which relief can be granted.
(2) *Starr v. Fort Wayne Police Dep't*, 1:14-cv-236 (N.D. Ind filed August 6, 2014), dismissed February 19, 2016 as frivolous and malicious.
(3) *Starr v. Allen County Prosecutor's Office*, 1:19-cv-116 (N.D. Ind. filed March 25, 2019), dismissed May 23, 2019, for failure to state a claim upon which relief can be granted.
(4) *Starr v. Fumerolo*, 1:19-cv-117 (N.D. Ind. filed March 25, 2019), dismissed May 6, 2019, for failure to state a claim upon which relief can be granted.
(5) *Starr v. Cook*, 1:19-cv-120 (N.D. Ind. filed March 25, 2019), dismissed July 8, 2019, for failure to state a claim upon which relief can be granted.

emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Starr (who is housed in the Branchville Correctional Facility) is attempting to sue four Allen County Jail officers for monetary compensation based on events which occurred in the jail on January 11, 2020. These claims do not plausibly allege that he is in imminent danger of serious physical injury. Nonetheless, he filed this complaint without paying the filing fee and seeks leave to proceed in forma pauperis even though he knew he was struck out. In *Starr v. IDOC*, 1:19-cv-2218 (S.D. Ind. filed June 6, 2019), he was told he could not proceed in forma pauperis. *See id.*, ECF 16. He was told he had to pre-pay the $400 filing fee because he had not alleged he was in imminent danger of serious physical injury. He was told he

> is now obligated to inform a federal court of his status as a "three-striker" under § 1915(g) if, while a prisoner, he seeks in forma pauperis status in any action he files in the future. The failure to make this disclosure may result in the immediate dismissal with prejudice of the action. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

*Starr v. IDOC*, 1:19-cv-2218 (S.D. Ind. filed June 6, 2019), ECF 16 at 2.

The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is

> dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Starr restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) **DISMISSES** this case without prejudice;

(2) **DENIES** Chanse Thomas Starr leave to proceed in forma pauperis (ECF 2);

(3) **ORDERS** the plaintiff, **Chanse Thomas Starr, IDOC # 993155**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(4) **DIRECTS** the clerk of court to create a ledger for receipt of these funds;

(5) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any case by or on behalf of Chanse Thomas Starr (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) **DIRECTS** the clerk to note on the docket any attempted filings in violation of this order; and

(7) **DIRECTS** the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on August 25, 2020.

                                              s/Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT